STATE *ex rel.* ERNEST DART v. JOHN D. BAKER, Clerk, Civil and Criminal Courts of Record, Duval County, *et al.*

189 So. 416
Division B
Opinion Filed June 2, 1939

P. Donald DeHoff, Wm. J. DeHoff and DeHoff & De-Hoff, for Relator;

Julian E. Fant, Fant & Stanley, Herman Ulmer, and Stockton, Ulmer & Murchison, for Respondents.

CHAPMAN, J.—This case is before the Court on a motion to strike and a motion to quash the amendments allowed under an order of this Court to the alternative writ of mandamus previously issued. When the case was considered by this Court on a motion to quash directed to the original alternative writ, the motion to quash was sustained upon the theory that the alternative writ failed to show that the litigation had terminated in the Civil and Criminal Courts of Record of Duval County. The following amendments to the original alternative writ were made and allowed pursuant to an order of this Court, viz.:

"(1) Amend paragraph number VI by substituting for the last sentence thereof the following:

" 'That said suit has been terminated by discontinuance, and there is due the relator the unearned portion of said

deposit, in the sum of $1.21. That demand has been made on the clerk to refund said balance, but said demand has been refused.'

"(2) Amend the writ by adding after paragraph numbered IV, the following:

" 'IV-A. That on the 19th day of August, 1925, your relator, as attorney for plaintiff, filed in the Civil and Criminal Court of Record in and for Duval County, Florida, a civil suit wherein the Unique Illustrating Company was plaintiff and M. C. Permenter was defendant, and paid to the then Clerk of the said Court the sum of Three Dollars ($3.00) as a security for the Clerk's costs which might accrue in said suit as proper debits against plaintiff. Said sum of Three Dollars ($3.00) was entered as a credit for said attorney on the docket, page 169, on Docket 27 which was then prepared, pursuant to law, by the then clerk of said court. Said case has been terminated by dismissal and the said docket sheet discloses a credit of One Dollar ($1.10) and ten cents, standing in the name of relator after the total costs in said case have been deducted from said deposit. That demand has been made on respondent clerk to refund said unearned One Dollar ($1.10) and ten cents balance of said deposit, which demand has been refused.'

" 'IV-B That on the 20th day of July, A. D. 1925, your relator, as attorney, filed on behalf of plaintiff in the Civil and Criminal Court of Record in and for Duval County, Florida, a civil suit wherein E. C. Cain was plaintiff and J. D. Tittle was defendant, and paid to the then clerk of said court the sum of Three Dollars ($3.00) as security for the clerk's costs which might accrue in said cause as proper debits against plaintiff. Said sum of Three Dollars ($3.00) was entered as credit for said attorney on the docket sheet for said cause which was then prepared pursuant to law by the then clerk of said court, being given

the docket number of 11934, in Docket Book 24, at page 374. As papers were filed by the relator herein on behalf of the plaintiff of said cause, a debit of his statutory fees was made by the then clerk of the court against the original deposit indicated by the credit item on the docket sheet. Said docket sheet discloses that the total amount of the charges so made by the clerk against plaintiff's deposit is Seventy-nine ($0.79) cents, leaving a balance due and owing to the relator of Two Dollars and Twenty-one cents ($2.21). Said cause has been terminated by the death of the plaintiff herein and demand has been made on the clerk for the return of said unearned balance, which demand has been refused.'

"(3)   Amend the command of alternative writ by inserting in place of '(1)' the following:

" '(1)[a]   That John D. Baker, as clerk of the then Civil and Criminal Court of Record in and for Duval County, Florida, pay over to the relator the sum of $1.21, representing the unearned portion of court costs deposit made by him in the case of LaSalle Extension University v. T. J. Eppes; said payment to be made if necessary, out of the surplus or excess earnings of said office for the calendar year 1937.

" '(b)   That John D. Baker, as clerk of the Civil and Criminal Court of Record in and for Duval County, Florida, pay over to relator, the sum of One dollar and ten cents ($1.10), representing unearned portion of court costs deposit made by him in the case of Unique Illustrating Co. v. M. C. Permenter; said payment to be made if necessary out of the surplus or excess earnings of said office for the calendar year 1937.

" '(c)   That John D. Baker, as clerk of the Civil and Criminal Court of Record in and for Duval County, Florida, pay over to the relator the sum of Two Dollars and

twenty-one cents, representing the unearned portion of court costs deposit made by him in the case of E. C. Cain v. J. D. Tittle; said payment to be made if necessary out of the surplus of excess earnings of said office for the calendar year 1937.' "

The respondent, through counsel, directed a motion to strike described portions of the amendments to the alternative writ and a like motion to quash the amendments to the original alternative writ of mandamus. It is not necessary to set out the grounds of either of the motions. We have considered the briefs filed by counsel for the respective parties in support of these motions and have heard argument thereon at the bar of this Court. The amendments to the alternative writ failed and omitted to have attached thereto certified copies of the record of the clerk of the Civil and Criminal Courts of Record showing final judgments on: (a) termination by discontinuance in the case of LaSalle Extension University v. Eppes; (b) termination by dismissal of the cases of Cain v. Tittle; (c) termination by the death of plaintiff in the case of Unique Illustrating Company v. Permenter.

The facts are not clearly alleged in the amendments to the alternative writ in support of many of the conclusions reached in the amendments of the relator, and uncertainty exists as to whether or not the judgments above referred to as (a), (b) and (c) have been entered since the issuance of the alternative writ, but regardless of these uncertainties we are of the opinion that justiciable issues are presented by the amendments to the alternative writ and the motion to quash and the motion to strike should be and each are hereby overruled. The respondents are allowed twenty days in which to file an answer or return to the amendments to the alternative writ.

It is so ordered.

436

TERRELL, 'C. J., and WHITFIELD and BUFORD, J. J., concur..

BROWN. J. dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.